1 │ Zachary M. Best, SBN 166035
MISSION LAW FIRM, A.P.C.
2 │ 332 North Second Street
San Jose, California 95112
3 │ Telephone (408) 298-2000
Facsimile (408) 298-6046
4 │ E-mail: service@mission.legal

5 │ Attorneys for Plaintiff
Francisca Moralez
6

7

8 │ **UNITED STATES DISTRICT COURT**

9 │ **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 FRANCISCA MORALEZ, | ) No. |
| | ) |
| 12      Plaintiff, | ) **COMPLAINT FOR:** |
| | ) |
| 13     vs. | ) |
| | ) **1) Violations of Title II of the Americans with Disabilities Act of 1990** |
| 14 CITY OF VALLEJO; MARY BAXLEY dba | ) |
| SARDINE CAN; | ) |
| 15 | ) **2) Violations of Title III of the Americans with Disabilities Act of 1990** |
| 16     Defendants. | ) |
| 17 | ) |
| | ) **3) Violations of the California Unruh Civil Rights Act** |
| 18 | ) |
| 19 | ) **4) Denial of Full and Equal Access to Public Facilities under California Law** |
| 20 | ) |
| 21 _____ | ) |

22 │     Plaintiff, FRANCISCA MORALEZ ("Plaintiff"), alleges as follows:

23 │           **I.    PARTIES**

24 │     1.    Plaintiff is a resident of the city of Antioch, California. Plaintiff suffers from

25 │ rheumatoid arthritis and is substantially limited in her ability to walk, requiring her to use a

26 │ wheelchair for mobility. Consequently, Plaintiff is "physically disabled," as defined by all

27 │ applicable California and United States laws, and a member of the public whose rights are

28 │ protected by these laws.

1       2.     Defendant MARY BAXLEY dba SARDINE CAN ("Baxley") is a registered

2   California business entity. Plaintiff is informed and believes, and thereon alleges, that Baxley

3   owns, operates, and/or maintains Sardine Can, a restaurant located at 1 Harbor Way in Vallejo,

4   California ("the Restaurant").

5       3.     Defendant CITY OF VALLEJO ("the City," and together with Baxley,

6   collectively "Defendants") is a public entity. Plaintiff believes, and thereon alleges, that the

7   City owns, operates, and/or maintains the real property in and on which the Restaurant is

8   located.

9                   **II.    JURISDICTION**

10      4.     This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for

11  violations of Title II and III of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

12      5.     Supplemental jurisdiction for claims brought under parallel California law –

13  arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

14      6.     Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

15                  **III.    VENUE**

16      7.     The real property which is the subject of this action is located within the

17  jurisdiction of the United States District Court, Eastern District of California, and venue is

18  invoked pursuant to 28 U.S.C. § 1391(b).

19                  **IV.    FACTS**

20      8.     Plaintiff lives within 40 miles of the Restaurant and visited the Restaurant on or

21  about June 27, 2017 for the purpose of having lunch. During her visit to the Restaurant,

22  Plaintiff encountered the following barriers (both physical and intangible) that interfered with,

23  if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and

24  accommodations offered at the Restaurant:

25              a.     Plaintiff could not find any designated van-accessible parking, nor any

26                  parking stalls that had a sufficient clear space on the passenger side of

27                  the stall which she requires in order to deploy her wheelchair ramp and

28                  unload from her vehicle. She parked in a standard designated accessible

1
2
3

parking stall, but was afraid that another car would pull into the space next to her while she was inside the Restaurant, which would prevent her from loading her wheelchair back in.

4
5

b.    The threshold at the entrance to the Restaurant was very high and hard for Plaintiff to maneuver her wheelchair over.

6
7
8

c.    Once inside, Plaintiff could not find any properly configured accessible tables with enough knee and toe clearances beneath the table to accommodate her wheelchair, so she was forced to take her food to go.

9
10
11
12
13
14
15

d.    Plaintiff needed to use the restroom while waiting for her food, but the women's restroom doorway was too narrow and the area inside the door lacked sufficient clear space for her wheelchair to enter, so she could not use the restroom inside the Restaurant. She was directed by Restaurant staff to use the restroom of a neighboring business, but found that it was similarly inaccessible and was unable to use it either. She had to wait to use the toilet until she found one elsewhere, which was uncomfortable.

16
17
18
19

e.    The route of travel from the Restaurant to the neighboring business where Plaintiff was directed to use the restroom contained excessive slopes, vertical height changes, and wide gaps in the walking surface which made it difficult for Plaintiff to maneuver her wheelchair.

20
21
22
23
24

9.    Plaintiff enjoyed the goods and services provided at the Restaurant, and intends to return to the Restaurant when it is made accessible so that she can enjoy all the goods and services the Restaurant offers. Unfortunately, she was denied the same experience as others in the Restaurant because she was denied full and equal access, and was forced to suffer great difficulty, discomfort and embarrassment, as a result of her disability.

25
26

10.    The Restaurant is a program, service and activity offered by Defendants to the general public.

27
28

11.    On information and belief, there are other access barriers and discriminatory policies that relate to Plaintiff's disabilities such that they exclude and deter Plaintiff and others

1  similarly situated from enjoying full and equal access to the programs, services and activities

2  offered by Defendants to the general public at the Restaurant. The extent of these additional

3  barriers will be made known after a full inspection of the Restaurant, and if necessary, reflected

4  in an amendment of Plaintiff's Complaint.

5          12.     On information and belief, the Restaurant has been altered since January 26,

6  1993.

7          13.     As the result of Defendants' acts and omissions, as herein described, Plaintiff

8  was, and continues to be, denied full and equal access to the programs, services and activities

9  offered to the public in and about the Restaurant on account of her disability, and she has

10 suffered discrimination, humiliation, frustration, embarrassment, fear, difficulty and

11 discomfort, all to her damage.

12         14.     The nature of Defendants' discrimination constitutes an ongoing violation, and

13 unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff and other

14 similarly situated persons with disabilities.

15                      **V.      GOVERNMENT CLAIM FILED**

16         15.     Plaintiff timely filed a claim pursuant to California Government Code section

17 910 with the City on or about November 2, 2017, which claim was deemed rejected on or

18 about December 18, 2017 by operation of law.

19                              **VI.      FIRST CLAIM**

20              **Title II of the Americans with Disabilities Act of 1990**

21                          **(42 U.S.C. § 12131, *et seq.*)**

22                                **Against the City**

23         16.     Plaintiff re-pleads and incorporates by reference the allegations contained in

24 each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

25         17.     The Restaurant is a program, service and activity offered by the City to the

26 general public.

27         18.     As the result of the City's acts and omissions, as herein described, Plaintiff was,

28 and continues to be, denied full and equal access to the programs, services and activities

COMPLAINT

1    offered to the public in and about the Restaurant on account of her disability, and as a

2    proximate result she has suffered discrimination, humiliation, frustration, embarrassment,

3    difficulty, and discomfort, all to her damage.

4         19.    The nature of the City's discrimination constitutes an ongoing violation, and

5    unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff and other

6    similarly situated persons.

7         20.    Title II of the ADA provides in pertinent part: "[N]o qualified individual with a

8    disability shall, by reason of such disability, be excluded from participation in or be denied the

9    benefits of the services, programs, or activities of a public entity, or be subjected to

10   discrimination by any such entity." 42 U.S.C. § 12132. Title II's enforcement provision states

11   that Title II's rights and remedies "shall be the remedies, procedures, and rights this subchapter

12   provides to *any person* alleging discrimination on the basis of disability..." 42 U.S.C.

13   § 12133 (emphasis added). Further, Title II's implementing regulations provide that "[a] public

14   entity shall not exclude or otherwise deny equal services, programs, or activities to an

15   individual or entity because of the known disability of an individual with whom the individual

16   or entity is known to have a relationship or association." 28 C.F.R. § 35.130(g).

17        21.    At all times relevant to this action, the City was a "public entity" within the

18   meaning of Title II of the ADA, and provided programs, services and/or activities to the

19   general public at the Restaurant.

20        22.    Plaintiff is, and at all times relevant herein was, a "qualified individual with a

21   disability" within the meaning of Title II of the ADA, and meets the essential eligibility

22   requirements for the receipt of the services, programs, or activities offered by the City at the

23   Restaurant.

24        23.    Plaintiff is, and at all times relevant herein was, a person alleging discrimination

25   based upon her disability.

26        24.    To be considered accessible, a parking lot must contain at least one van-

27   accessible parking stall. 2010 ADA Standards for Accessible Design ("2010 ADAS")

28   § 208.2.4. There were no van-accessible parking stalls in the Restaurant's parking lot.

COMPLAINT

1    25.    To be considered accessible, a threshold may be no higher than ½ inch and, if

2    higher than ¼ inch, must be beveled with a slope not steeper than 1:2. 2010 ADAS §§ 404.2.5

3    and 303.3. The threshold at the Restaurant entrance had an excessive vertical height change.

4    26.    To be considered accessible, at least five percent of the dining seating spaces

5    must have a clear knee and toe space beneath the table measuring at least 30 inches wide and

6    17 inches deep. 2010 ADAS §§ 306, 502.4 and 902.2. No properly configured accessible

7    seating spaces were provided at the Restaurant.

8    27.    To be considered accessible, a doorway must have a clear width of at least 32

9    inches and must have a clear maneuvering space at least 54 inches measured perpendicular to

10    the pull side of the door. 2010 ADAS §§ 404.2.3 and 404.2.4.1. The doorway to the women's

11    restroom at the Restaurant was too narrow and lacked sufficient maneuvering clearances on the

12    pull side of the door.

13    28.    To be considered accessible, a walking surface must not have slopes greater

14    than 1:20 in the direction of travel or cross slopes greater than 1:48, must contain no vertical

15    changes in level greater than ¼ inch or beveled slopes greater than ½ inch, and must contain no

16    openings in the walking surface through which a ½ inch sphere may pass. 2010 ADAS

17    §§ 302.3, 303.2, 303.3, and 403.1, *et seq*. The route of travel from the Restaurant to the

18    adjacent business contained excessive slopes, vertical height changes, and openings in the

19    walking surface.

20    29.    The duties to make the Restaurant accessible to Plaintiff enumerated herein

21    were mandatory duties held by the City. The City is deemed to have knowledge of these duties.

22    30.    The City's acts and omissions as herein alleged have excluded and/or denied

23    Plaintiff the benefit of and/or participation in the programs and activities they offer to members

24    of the public at the Restaurant, in violation of Title II of the ADA and its implementing

25    regulations. Specifically, Plaintiff was denied access to the Restaurant on account of her

26    disability.

27    31.    On information and belief, to the date of the filing of this Complaint, the City

28    has failed to make the Restaurant accessible to and useable by persons with disabilities, as

1 | required by law, has failed to maintain existing facilities in a properly accessible condition, and

2 | has intentionally maintained policies and/or practices of denying full and equal access to their

3 | facilities to persons with disabilities.

4 |       32.     Plaintiff requests that an injunction be issued requiring that the City make the

5 | Restaurant accessible to and useable by persons with disabilities who have mobility

6 | impairments, and to maintain the Restaurant in an accessible condition.

7 | ### VII.    SECOND CLAIM

8 | ### Title III of the Americans with Disabilities Act of 1990

9 | ### (42 U.S.C. § 12181, *et seq.*)

10 | ### Against Baxley

11 |       33.     Plaintiff re-pleads and incorporates by reference the allegations contained in

12 | each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

13 |       34.     Title III of the ADA holds as a "general rule" that no individual shall be

14 | discriminated against on the basis of disability in the full and equal enjoyment (or use) of

15 | goods, services, facilities, privileges, and accommodations offered by any person who owns,

16 | operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a). Section

17 | 12182(b)(1)(E) of the ADA also provides that it is illegal to "exclude or otherwise deny equal

18 | goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an

19 | individual or entity because of the known disability of an individual with whom the individual

20 | or entity is known to have a relationship or association."

21 |       35.     Baxley discriminated against Plaintiff by denying her the equal goods, services,

22 | facilities, privileges, advantages, accommodations or other opportunities as a result of her

23 | disability.

24 | Failure to Remove Architectural Barriers in an Existing Facility

25 |       36.     The ADA specifically prohibits failing to remove architectural barriers, which

26 | are structural in nature, in existing facilities where such removal is readily achievable. 42

27 | U.S.C. § 12182(b)(2)(A)(iv).

28 | ///

1    37.    When an entity can demonstrate that removal of a barrier is not readily

2    achievable, a failure to make goods, services, facilities, or accommodations available through

3    alternative methods is also specifically prohibited if these methods are readily achievable. Id.

4    § 12182(b)(2)(A)(v).

5    38.    Here, Plaintiff alleges that Baxley can easily remove the architectural barriers at

6    the Restaurant without much difficulty or expense, and that Baxley violated the ADA by

7    failing to remove those barriers, when it was readily achievable to do so.

8    39.    In the alternative, if it was not "readily achievable" for Baxley to remove the

9    Restaurant's barriers, then Baxley violated the ADA by failing to make the required services

10   available through alternative methods, which are readily achievable.

11                    Failure to Make an Altered Facility Accessible

12   40.    Plaintiff alleges on information and belief that the Restaurant was modified after

13   January 26, 1993, independently triggering access requirements under the ADA.

14   41.    The ADA also requires that facilities altered in a manner that affects (or could

15   affect) its usability must be made readily accessible to individuals with disabilities to the

16   maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's

17   primary function also requires making the paths of travel, bathrooms, telephones, and drinking

18   fountains serving that area accessible to the maximum extent feasible. Id.

19   42.    Here, Baxley altered the Restaurant in a manner that violated the ADA and was

20   not readily accessible to the physically disabled public – including Plaintiff – to the maximum

21   extent feasible.

22                    Failure to Modify Existing Policies and Procedures

23   43.    The ADA also requires reasonable modifications in policies, practices, or

24   procedures, when necessary to afford such goods, services, facilities, or accommodations to

25   individuals with disabilities, unless the entity can demonstrate that making such modifications

26   would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

27   44.    Here, Baxley violated the ADA by failing to make reasonable modifications in

28   policies, practices, or procedures at the Restaurant, when these modifications were necessary to

1  afford (and would not fundamentally alter the nature of) these goods, services, facilities, or

2  accommodations.

3  <u>Failure to Maintain Accessible Features</u>

4  45.    Baxley additionally violated the ADA by failing to maintain in operable

5  working condition those features of the Restaurant that are required to be readily accessible to

6  and usable by persons with disabilities.

7  46.    Such failure by Baxley to maintain the Restaurant in an accessible condition

8  was not an isolated or temporary interruption in service or access due to maintenance or

9  repairs.

10  47.    Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney

11  fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

12  **VIII. THIRD CLAIM**

13  **California Unruh Civil Rights Act**

14  **California Civil Code § 51,** *et seq.*

15  **Against All Defendants**

16  48.    Plaintiff re-pleads and incorporates by reference the allegations contained in

17  each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

18  49.    California Civil Code § 51 (the Unruh Civil Rights Act) states, in part, that: All

19  persons within the jurisdiction of this state are entitled to the full and equal accommodations,

20  advantages, facilities, privileges, or services in all business establishments of every kind

21  whatsoever.

22  50.    California Civil Code § 51.5 also states, in part that: No business establishment

23  of any kind whatsoever shall discriminate against any person in this state because of the

24  disability of the person.

25  51.    The Restaurant is a business establishment which is open to the public and

26  provides services to the public.

27  52.    California Civil Code § 51(f) specifically incorporates (by reference) an

28  individual's rights under the ADA into the Unruh Act Civil Rights Act.

COMPLAINT

53.     Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability), in violation of the ADA, which is therefore a violation of the California Unruh Civil Rights Act.

54.     Defendants' failure to provide Plaintiff full and equal access to the Restaurant on account of her disability caused Plaintiff difficulty, discomfort and embarrassment, all to Plaintiff's damage.

55.     These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

56.     Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of $4,000 for each offense.

57.     Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and the ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities under California Law

### Against All Defendants

58.     Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

59.     Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

60.     Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

61.     Plaintiff alleges that the Restaurant is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Restaurant was not exempt under Health and

COMPLAINT

1  Safety Code § 19956.

2        62.    Defendants' non-compliance with these requirements at the Restaurant

3  aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities.

4  Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety

5  Code § 19953.

6                    **VIII.   PRAYER FOR RELIEF**

7        WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

8        1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

9        2.    Statutory minimum damages under section 52(a) of the California Civil Code

10             according to proof.

11       3.    Attorneys' fees, litigation expense, and costs of suit.[1]

12       4.    Interest at the legal rate from the date of the filing of this action.

13       5.    For such other and further relief as the Court deems proper.

14

15  Dated:   January 15, 2018          MISSION LAW FIRM, A.P.C.

16

17                                     */s/ Zachary M. Best*
                                       Zachary M. Best
18                                     Attorney for Plaintiff,
                                       Francisca Moralez

19

20

21

22

23

24

25

26

27

28
_____
[1] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

COMPLAINT

# VERIFICATION

I, FRANCISCA MORALEZ, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated:   January 15, 2018             */s/ Francisca Moralez*
                                           Francisca Moralez

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                      */s/ Zachary M. Best*
                                      Zachary M. Best, Attorney for
                                      Plaintiff, Francisca Moralez

*Moralez v. The Sardine Can, et al.*
*Verification*